UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                              Plaintiff,                    1:20-cv-01359 (BKS/CFH)

v.

RENSSELAER POLYTECHNIC INSTITUTE,

                              Defendant.
_____

**Appearances:**

*For Plaintiff:*
Julie A. Nociolo
Benjamin F. Neidl
James C. Knox
E. Stewart Jones Hacker Murphy LLP
28 Second Street
Troy, NY 12180

*For Defendant:*
Michael E. Ginsberg
Rhiannon I. Spencer
Pattison, Sampson, Ginsberg & Griffin, PLLC
22 First Street—P.O. Box 208
Troy, NY 12181

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On November 3, 2020, Plaintiff John Doe filed a Complaint against Defendant Rensselaer Polytechnic Institute ("RPI"), alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (Dkt. No. 1, at 16–21). Presently before the Court is Plaintiff's motion to proceed under a pseudonym pursuant to Fed. R. Civ. P. 10(a) and to seal the exhibits attached to the Complaint. (Dkt. No. 3). For the reasons that follow, Plaintiff's motion to

seal is denied without prejudice, and the Court has set a due date for any response to the motion to proceed under a pseudonym.

## II. DISCUSSION

### A. Legal Standard

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie County*, 763 F.3d 235, 238–39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." *Id*. at 239. The First Amendment to the U.S. Constitution "also protects the public's right to have access to judicial documents." *Id*. A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

#### 1. Common Law Right of Access

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access. "Before any such common law right can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). To constitute a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 145 (2d Cir. 1995).

Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. According to the Second Circuit,

> the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

2

> monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1049 (2d Cir. 1995). When a document plays a role in a court's adjudication of litigants' substantive rights—a function that is "at the heart of Article III"—the presumption is strong, but "[a]s one moves along the continuum, the weight of the presumption declines." *Id.* When "documents are usually filed with the court and are generally available, the weight of the presumption is stronger than where filing with the court is unusual or is generally under seal." *Id.* at 1050.

Third, the court must balance any "competing considerations" against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1050); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71 F.3d at 1051. Courts should also assess the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject" but also to "how the person seeking access intends to use the information." *Id.* at 1051 (explaining that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").

### 2. First Amendment Right of Access

The First Amendment right of access stems from the qualified right of the public and the press "to attend judicial proceedings and to access certain judicial documents." *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Once

a court concludes that there is a qualified First Amendment right of access to the judicial documents at issue, it may only seal the documents "if specific, on the record findings are made demonstrating the closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "Broad and general findings by the trial court . . . are not sufficient to justify closure." *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). Examples of "higher values" may include law enforcement interests, the privacy of innocent third parties, *Amodeo II*, 71 F.3d at 1050, and the attorney-client privilege, *Lugosch*, 435 F.3d at 125.

    **B.**    **Analysis**

The Exhibits at issue,[1] (Dkt. Nos. 1-1 to 1-6), are attached to the Complaint and Plaintiff relies on them in support of his motion for a temporary restraining order and preliminary injunction. (Dkt. No. 5; *see, e.g.*, Dkt. No. 5-2, at 7–8). They are, therefore, judicial documents. *See Doscher v. Sobel & Co.*, LLC, No. 14-cv-646, 2014 WL 846773, at *2, 2014 U.S. Dist. LEXIS 29063, at *6 (S.D.N.Y. Mar. 3, 2014) ("The Complaint, and the exhibits attached thereto, are clearly 'judicial documents,' and are analyzed with 'strong presumption in favor of public access.'" (quoting *ING Global v. United Parcel Serv. Oasis Supply Corp.*, No. 11-cv-5697, 2012 WL 4840805, at *6, 2012 U.S. Dist. LEXIS 144923, at *19 (S.D.N.Y. Sep. 25, 2012))); *Utica Mut. Ins. Co. v. INA Reins. Co.*, No. 12-cv-194, 2012 WL 13028279, at *4, 2012 U.S. Dist. LEXIS 204381, at *11 (N.D.N.Y. June 12, 2012) ("The parties' filings on Utica's motion for a preliminary injunction clearly are judicial documents carrying a presumption of public access because they are intended to be taken into account in deciding the motion." (citing *Amodeo I*, 44

---

[1] Plaintiff seeks to seal "all attached documents" to the Complaint, (Dkt. No. 3), but in his proposed order seeks to seal only Exhibits B through E, and not Exhibit A. (Dkt. No. 3-2, at 3). In an excess of caution, the Court has considered Plaintiff's motion to seal with respect to all the Exhibits.

F.3d at 145)). As they are judicial documents "used to determine litigants' substantive legal rights" they are subject to the "highest" presumption of access, and "should, absent exceptional circumstances, be subject to public scrutiny." *Lugosch*, 435 F.3d at 121, 123, 124 (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Plaintiff seeks to seal Exhibits A–F to the Complaint. Exhibit A is the Rensselaer Handbook of Student Rights and Responsibilities. (Dkt. No. 1-1). Exhibit B is a letter to Plaintiff from an RPI administrator dated October 12, 2020. (Dkt. No. 1-2). Exhibit C is a letter to Plaintiff from an RPI administrator dated October 14, 2020. (Dkt. No. 1-3). Exhibit D is an email from an RPI administrator to RPI students and families dated October 16, 2020. (Dkt. No. 1-4). Exhibit E is a letter to Plaintiff from an RPI administrator dated October 20, 2020. (Dkt. No. 1-5). Exhibit F is the RPI "Agreement to Comply with Health & Safety Requirements for Students Attending the Rensselaer Campus and Activities." (Dkt. No. 1-6). In support of his motion to seal these exhibits, Plaintiff argues that "[p]ublic disclosure of this confidential information contained in the exhibits, namely, the identity of plaintiff and his address, would subject plaintiff to unnecessary ridicule and attention without advancing any aspect of the litigation, chill litigation from future similarly situated students for fear that they need to reveal their identity in order to bring suit, and compromise the importance of safeguarding plaintiff's due process rights when he chose to vindicate those rights in court." (Dkt. No. 3-2, at 3). However, as all identifying information has been redacted from these Exhibits, and Plaintiff has not provided a basis for wholesale sealing of these documents or attempted to narrowly tailor his request beyond the redactions already made, the Court finds that the presumption of access outweighs any privacy interests. Nothing in the Exhibits would enable a member of the public or anyone without knowledge of the gathering at issue in this case to discern Plaintiff's identity. Although

Plaintiff represents that these "[e]xhibits were exchanged between the parties in a confidential student conduct proceeding . . . and have been protected from public disclosure during RPI's investigation and determination," (*id.*), there is no indication that these documents are the subject of a protective order. And even if they were, the fact that documents are governed by a protective order in civil discovery does not satisfy a party's burden under *Lugosch*. *See In re SunEdison, Inc. v. Securities Litigation*, No. 16-cv-7917, 2019 WL 126069, at *1 (S.D.N.Y. Jan. 7, 2019). Any sealing must be narrowly tailored to serve the higher values that support limiting public access under the First Amendment and common law right of public access to court documents. *See Lugosch*, 435 F.3d at 119–20. Accordingly, Plaintiff has failed to show that his asserted privacy interests are sufficiently strong to overcome the presumption of access, and his motion to seal Exhibits A–F is denied without prejudice to renewal by letter motion.

### III.     CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiff's motion to seal the Exhibits to the Complaint (Dkt. No. 3) is **DENIED** without prejudice to renew; and it is further

**ORDERED** that if Plaintiff does not renew his motion to seal by November 20, 2020, the Court Clerk is directed to unrestrict the Exhibits to the Complaint; and it is further

**ORDERED** that any response to Plaintiff's motion to proceed anonymously (Dkt. No. 3) is due by November 20, 2020.

**IT IS SO ORDERED.**

Dated:  November 10, 2020

_____
Brenda K. Sannes
U.S. District Judge